## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **:** |
| | **:** |
| **vs.** | **: CRIM. NO. 3:14-CR-00046-CAR-CHW-1** |
| | **:** |
| **ERICKSON MEKO CAMPBELL,** | **:** |
| | **:** |
| **Defendant/Petitioner** | **:** |
| _____ | **:** |

### UNITED STATES' RESPONSE TO COURT'S ORDER FOR BRIEFING ENTERED FEBRUARY 22, 2023

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and addresses Erickson Campbell's Petition for Writ of *Audita Querela*, Doc. 88, as directed by the Court's Order for Briefing entered February 22, 2023, and states as follows.

After Erickson Campbell was found in possession of a firearm following a search of his car, a federal grand jury charged him with violating 18 U.S.C. § 922(g)(1). Doc. 1. He was arrested in 2014, but, following an initial appearance, the Court released him on an unsecured bond. Doc. 6. In 2016, following the entry of a conditional guilty plea, the Court sentenced Campbell to a term of imprisonment of twenty-eight months, below the calculated guidelines sentencing range, and a three-year term of supervised release. Consistent with the terms of his conditional plea agreement, Erickson Campbell appealed the Court's denial of

his motion to suppress the gun that was found in his car. Campbell was ordered to surrender, but moved for bail pending his appeal, which the Court granted. Doc. 59. More than six years later, after a prolonged and complicated appeal that resulted in two panel decisions, two oral arguments, and an en banc decision in the Eleventh Circuit, on October 3, 2022, the Supreme Court of the United States denied Campbell's petition for writ of certiorari, bringing all avenues for appellate relief to a close.

During the more than eight years that Campbell has been under conditions of release, no infractions have been brought to the Court's attention. Campbell, who is now 52 years old, has maintained employment and maintained a residence, which he shares with his mother. Citing to, among other things, the highly unusual circumstances of his prolonged release and his gainful employment and good behavior over the past eight years, Campbell filed a petition for writ of *audita querela*, in which he has asked the Court to modify his sentence by probating his twenty-eight month term of imprisonment.

The Court has ordered the United States to respond to Campbell's petition and, in particular, to address two points: (1) whether the writ of *audita querela* is available to Campbell, and (2) whether Campbell has demonstrated that the issuance of the writ is appropriate. Doc. 89. The United States notes initially that, as Campbell stated in his petition, Campbell's attorney and the undersigned

Assistant United States Attorney consulted about Campbell's plan to file a petition for writ of *audita querela* and, after having an opportunity to review Campbell's proposed petition, the United States advised Campbell's attorney that the United States Attorney would take no position on Campbell's request for a sentence to a probationary term. Doc. 88 at 13. The United States stands by its representation to counsel and reaffirms that it takes no position on Campbell's petition. Nevertheless, in an attempt to address the Court's concerns, as presented in the Order for Briefing, the United States offers the following.

### (1) Is the writ of *audita querela* available to Campbell?

The United States agrees with Campbell that the writ of *audita querela* "survives 28 U.S.C. § 2255," Doc. 88 at 4, and that under certain circumstances the grant of the writ will be appropriate in criminal cases, but that the necessarily sparing use of the writ by the courts makes it difficult to determine precisely what circumstances legally justify the writ. *See generally* Doc. 88 at 3-8. The United States further agrees with Campbell that the unique circumstances of his case make him a potential candidate for issuance of the writ without the risk of signaling that the writ will similarly be available in other cases where a defendant has been out on bond for a prolonged period during a protracted appeal. *See* Doc. 88 at 18. But, as to the ultimate question of whether the circumstances of this case are such that they satisfy the legal requirements for the issuance of the writ,

3

the United States takes no position.  The United States leaves that determination entirely to the Court's discretion.

**(2) Has Campbell demonstrated that issuance of the writ is appropriate?**

The United States acknowledges that the unusual circumstances of Campbell being on supervised release during his appeal, and the extraordinary length of time it has taken to see his appeal to completion, have created a number of opportunities for Campbell to demonstrate why issuance of the writ is appropriate as to him.  As he notes, he has been on supervised release for more than eight years—enjoying non-reporting status for the last five years.  Doc. 88 at 8.  During that time, Campbell has maintained steady employment and made himself indispensable to his mother, such that his incarceration would work a hardship for her.  Doc. 88 at 8-10.  The United States agrees with Campbell that, while none of these factors would support a decision to do away with Campbell's sentence entirely, they can be considered by the Court to determine whether, in the eight years since he was originally sentenced, Campbell's circumstances have changed so dramatically as to permit this Court to revisit the imprisonment sentence that was lawfully imposed and impose a probated sentence instead. Doc. 88 at 7.  But, as to the Court's question of whether Campbell has demonstrated that issuance of the writ is appropriate as to him, the United States

takes no position.  The United States leaves that determination entirely to the

Court's discretion.

Respectfully submitted, this 9th day of March, 2023.

PETER D. LEARY
UNITED STATES ATTORNEY


BY:    *s/ Michelle L. Schieber*
MICHELLE L. SCHIEBER
Assistant United States Attorney
Georgia Bar No. 629188

United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
mikki.schieber@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **United States' Response to Court's Order for Briefing Entered February 22, 2023** with the Clerk of Court using the Court's CM/ECF system, which will send notification of filing to all parties of record.

This the 9th day of March, 2023.

<div style="margin-left: 40%;">

PETER D. LEARY
UNITED STATES ATTORNEY


BY:   *s/ Michelle L. Schieber*
MICHELLE L. SCHIEBER
Assistant United States Attorney
Georgia Bar No. 629188

</div>

United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
mikki.schieber@usdoj.gov