IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **ERICKSON MEKO CAMPBELL,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | Case No. 3:14-cr-00046-CAR-CHW-1 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Before the Court is a request for the issuance of a writ of *audita querela* filed on behalf of Movant Erickson Campbell. (Doc. 88). For the following reasons, the request is **GRANTED**.

This criminal action concerns a charge of unlawful possession of a firearm by a convicted felon in violation of 28 U.S.C. § 922(g)(1). Movant was indicted on that charge in August 2014 (Doc. 1), and he entered a conditional plea of guilty to the charge in September 2015. (Doc. 47). The conditions of Movant's plea allowed him to appeal the denial of the Court's order denying his motion to suppress, and the Court authorized Movant to await the outcome of his appeal on conditions of release. *See* (Doc. 55) (order for voluntary surrender) (Doc. 59) (order of release pending appeal).

Appellate proceedings were protracted. The Eleventh Circuit Court of Appeals issued two panel decisions, the first in January 2019 (Doc. 75) and the second in August 2020 (Doc. 79). The Court of Appeals subsequently sat *en banc*, primarily to consider whether the Government had waived the good faith exception to the rule that unlawfully seized evidence must be excluded. (Doc. 83) (February 2022). Concluding that no waiver occurred, the Court of Appeals affirmed this Court's judgment and entered its final mandate on March 17, 2022. (Doc. 84). The Supreme

1

Court denied a writ of certiorari on October 6, 2022. Hence, the time for Movant to serve his deferred term of twenty-eight months of imprisonment has now come due. (Doc. 56, p. 2).

In his motion for writ of *audita querela*, Movant asks the Court to modify its sentence by allowing Movant to serve this twenty-eight-month term on supervised release rather than in prison. The writ of *audita querela*, "Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). Courts have held that such common law writs survive under the All Writs Act, 28 U.S.C. § 1651, and may properly be used to "fill the interstices of the federal postconviction remedial framework through remedies available at common law." *Id.* at 1175 (quoting *United States v. Ayala*, 894 F.2d 425, 428 (D.C.Cir. 1990)). The Court may therefore provide relief though such a writ only when the requested relief is "not otherwise covered by statute." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 42–43 (1985) (interpreting 28 U.S.C. § 1651).

There are two possible statutory alternatives to *audita querela*: (i) a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and (ii) a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Because Movant does not collaterally attack any perceived defect in the Court's judgment, Movant's requested relief could not be obtained through a Section 2255 motion. *See* 28 U.S.C. § 2255(a). The more difficult question is whether Movant could advance his request in the form of a compassionate release motion. The Government takes no position on this question. (Doc. 88, p. 6). The Court finds persuasive reasoning from cases like *United States v. Verasawmi*, 2021 WL 2549303 at *3–4 (D. N.J. June 22, 2021), in which the Government has represented to other courts that a movant must begin to serve his sentence before authority vests in a court to entertain a motion for compassionate release. Because Movant

Campbell has never begun to serve his sentence, compassionate release is unavailable, and the writ of *audita querela* is an appropriate interstitial device.

A reweighing of the sentencing factors, 18 U.S.C. § 3553(a), may be conducted without the need for a sentencing hearing, both because the result is favorable to Movant and because the relief that Movant requests involves a limited type of modification. By now, Movant has been subject to the supervision of the Court for more than eight years, first on pretrial release and then on an appeal bond. The record indicates that Movant has performed commendably during the pendency of his appeal, including by maintaining gainful employment, by caring for his aging mother, and by complying with the terms of his supervised release. (Doc. 88, pp. 8–13). There is no indication that he has committed new offenses or otherwise violated the conditions of release. Movant's good behavior in the near past indicates that he does not pose an ongoing threat to the public, and the burden of Movant's unusually protracted legal proceedings has served both as a punishment and as a deterrent to future criminality. The Section 3553(a) factors, therefore, weigh in favor of awarding Movant the modification that he requests.

Accordingly, Movant's motion for the issuance of a writ of *audita querela* (Doc. 88) is **GRANTED**. The Court's January 2016 judgment is **VACATED** and **REIMPOSED** with the modification that Movant may serve his twenty-eight month sentence on supervised release according to terms imposed by the United States Probation Office.

**SO ORDERED**, this 26th day of April, 2023.

                                        s/ C. Ashley Royal
                                        Senior United States District Judge
                                        Middle District of Georgia